UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE ZOLTOWSKI,

      Plaintiff,

v.

AL STEWART, ACTING SECRETARY OF THE UNITED STATES DEPARTMENT OF LABOR,

      Defendant.

Case No.
Hon.

ALSPECTOR, SOSIN & NOVECK, PLLC
ROBERT M. SOSIN (P35414)
DANIEL NOVECK (P28087)
Attorneys for Plaintiff
30100 Telegraph Road, Suite 302
Bingham Farms, MI  48025-4517
(248) 642-3200
robert@asnlaw.com
daniel@asnlaw.com

## COMPLAINT AND DEMAND FOR JURY TRIAL

### COMPLAINT

NOW COMES the above-named Plaintiff, by her attorneys, ALSPECTOR, SOSIN & NOVECK, PLLC, and for her Complaint against the above-named Defendant states as follows:

1. Plaintiff Stephanie Zoltowski ("Plaintiff") is a resident of the City of West Bloomfield, Oakland County, Michigan.

2. Plaintiff is informed and believes and therefore avers that Defendant AL STEWART, ACTING SECRETARY OF THE UNITED STATES

DEPARTMENT OF LABOR, is the appropriate party-defendant for this Federal-employee lawsuit against the UNITED STATES DEPARTMENT OF LABOR (hereafter alternately "Defendant" or the "Agency"), including pursuant to the Agency's November 30, 2020 "Notice of Final Action."

3. Plaintiff (a female) was employed as an investigator in the Detroit branch of Defendant's "Office of Labor Management Standards" (OLMS) from about October 21, 2012 until August 9, 2013 when Defendant wrongfully terminated her employment.

4. This is an action to enforce civil rights, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC §2000e, et seq. (Title VII), arising out of Plaintiff's employment relationship with Defendant.

5. This Court has jurisdiction over the subject matter of this action pursuant to 42 USC §2000e-5 and 28 USC §1331 and §1343(4).

6. Defendant, primarily through its District Director Ian Burg, had a long history of treating women investigators in the Detroit office of OLMS less favorably than male investigators. For example:

    a. Defendant, primarily through District Director Burg, scrutinized the work of female investigators more closely than that of male investigators;

    b. Defendant, primarily through District Director Burg, gave better and more case assignments to the male investigators than to female investigators;

2

c. Defendant, primarily through District Director Burg, consistently evaluated male investigators more favorably than female investigators;

d. Defendant, primarily through District Director Burg, socialized with male investigators during and after work hours to the exclusion of female investigators;

e. Defendant, primarily through District Director Burg, worked more closely with male investigators than female investigators;

f. Defendant, primarily through District Director Burg, promoted only male investigators and not female investigators;

g. Defendant, primarily through District Director Burg, disciplined only female investigators and not male investigators; and

h. Defendant, primarily through District Director Burg, otherwise showed favoritism toward males over females.

7. Defendant, primarily through District Director Burg, continued its discriminatory treatment of female investigators upon the hiring of, and during the employment of, Plaintiff herein. For example:

a. Defendant, primarily through District Director Burg, hired Plaintiff as a "probationary" employee – notwithstanding her previous government service/experience – while at the same time Defendant hired male investigator employees with no greater (or with less) previous government service/experience than Plaintiff and Defendant did not designate such male employees as "probationary";

b. Plaintiff was the only female investigator hired by Defendant during her period of employment;

c. Defendant, primarily through District Director Burg, formed friendships and social relationships with male investigators to the exclusion of female investigator Plaintiff;

3

d. Defendant, primarily through District Director Burg, worked more closely with male investigators than with female investigator Plaintiff;

e. Defendant, primarily through District Director Burg, spent long periods of time conversing with male investigators in his office while rarely ever speaking with Plaintiff, and he socialized with the male investigators outside the office but never socialized with Plaintiff;

f. Defendant, primarily through District Director Burg, ignored Plaintiff's requests for training/feedback/guidance, instead telling her repeatedly to "read the manual" which was 1,500 pages long;

g. Defendant, primarily through District Director Burg, refused Plaintiff's requests for better and more case assignments (only assigning her a few cases and thereby preventing her from attaining valuable on-the-job-experience), and instead gave such better and additional assignments to male supervisors;

h. Defendant, primarily through District Director Burg, mistreated and unfairly evaluated Plaintiff in comparison to similarly-situated male investigators; and

i. Defendant, primarily through District DireCtor Burg, otherwise showed favoritism toward males over females.

8.     Defendant, primarily through District Director Burg, deliberately hired Plaintiff in a probationary capacity so that she could be fired without union interference or protection.

9.     In fact, Defendant, primarily through District Director Burg, fired Plaintiff after only nine months of employment, while she was still a probationary employee.

10. Plaintiff timely filed an EEO charge of sex discrimination with the Agency and the Equal Employment Opportunity Commission (EEOC), and she commences this lawsuit within ninety (90) days of receiving notice of her rights pursuant to the Agency's November 30, 2020 "Notice of Final Action."

11. At all times pertinent, Defendant and its agents, servants, and employees owed Plaintiff the duty to observe the statutes of the United States and the State of Michigan including but not limited to Title VII, all applicable local ordinances, the common law and the contractual obligations and undertakings of the parties, Plaintiff having fully performed all things required of her.

12. However, Defendant and its respective agents, servants, and employees breached and disregarded their duties to Plaintiff in various ways, including the following: by discriminating against Plaintiff based on her sex and/or gender throughout her employment with Defendant, including but not limited to by discriminating in one or more of the ways set forth above; and by wrongfully discriminating against Plaintiff with respect to her employment, compensation, term of employment, condition of employment, and privilege of employment because of sex/gender; and by wrongfully terminating her employment with Defendant.

13. As a direct, natural and proximate result of the above-described acts of Defendant and its agents, servants and employees, Plaintiff was caused to suffer

5

serious injuries, losses and damages and likely will be caused to so suffer in the future; and Plaintiff has suffered, and likely will suffer in the future, great embarrassment, humiliation, mortification, mental anguish, mental and emotional suffering, anxiety, worry and discomfort; and Plaintiff has been deprived of, and in the future likely will be deprived of, many of the pleasures and comforts of life; and Plaintiff has suffered loss and impairment of her reputation and she has suffered loss of earnings and earning ability and capacity as a result of the wrongful acts and omissions of Defendant herein, and she may so suffer such losses and impairments in the future; and Plaintiff has expended and incurred, and in the future likely will so expend and incur, substantial sums of money and time on attorney fees and costs in an effort to enforce her rights pursuant to the Title VII; and Plaintiff otherwise has suffered and likely will so suffer in the future great injuries and damages as a result of such wrongful conduct by Defendant herein.

WHEREFORE, Plaintiff asks judgment against Defendant in a sum greatly in excess of $500,000.00 sufficient to compensate Plaintiff for her significant injuries and damages, plus an award of interest, costs and attorney fees, and attorney fees

and costs pursuant to Title VII.

                                                    Respectfully submitted,

                                                    ALSPECTOR, SOSIN & NOVECK, PLLC

Dated: February 16, 2021        By:  /s/ Robert M. Sosin
                                                    ROBERT M. SOSIN P35414
                                                    DANIEL NOVECK P28087
                                                    Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

NOW COMES the above-named Plaintiff, by her attorneys, ALSPECTOR, SOSIN & NOVECK, PLLC, and hereby demands a trial by jury in the above-entitled action.

                                                    Respectfully submitted,

                                                    ALSPECTOR, SOSIN & NOVECK, PLLC

Dated: February 16, 2021        By:  /s Robert M. Sosin
                                                    ROBERT M. SOSIN P35414
                                                    DANIEL NOVECK P28087
                                                    Attorneys for Plaintiff